FILED
United States Court of Appeals
Tenth Circuit

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

July 18, 2023

Christopher M. Wolpert
Clerk of Court

---

UNITED STATES OF AMERICA,

   Plaintiff - Appellee,

v.

MARIO REYNOSO,
a/k/a Mario Hernandez,

   Defendant - Appellant.

No. 20-2130
(D.C. No. 2:19-CR-00137-RB-1)
(D. N.M.)

---

### ORDER AND JUDGMENT[*]

---

Before **MATHESON**, **BRISCOE**, and **CARSON**, Circuit Judges.

---

Mario Reynoso appeals his conviction and sentence for distributing five grams or more of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). He argues (1) the district court abused its discretion in admitting evidence of other acts under Federal Rule of Evidence 404(b) to prove his identity, knowledge, and intent; (2) the trial evidence was insufficient to support his conviction; and (3) his sentence

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

is substantively unreasonable. Exercising jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

## I.  BACKGROUND

### A.  *Facts Underlying the Charged Offense*

A confidential source informed federal agents that someone named "Mario" was selling methamphetamine in the area around Las Cruces, New Mexico, and El Paso, Texas. The source did not know Mario's last name but provided the agents with Mario's phone number and a photograph of the license plate from Mario's gray 2011 Ford Fusion. Agents determined that the vehicle and the phone number were both registered to defendant, Mario Reynoso, at the same address. From a photo line-up including Mr. Reynoso's driver's license photograph, the confidential source identified Mr. Reynoso as the person he knew as "Mario."

Working undercover, Agent Omar Lujan began calling and texting the phone number registered to Mr. Reynoso, communicating with a person identifying himself as "Mario." Mario agreed to sell Agent Lujan two ounces of methamphetamine for $800, and they arranged to meet at a casino named Sunland Park on May 8, 2018. On that day, Agent Lujan was provided with a picture of Mr. Reynoso. He exchanged additional text messages and phone calls with Mario to coordinate the meeting.

At the agreed location, Agent Lujan saw a gray Ford Fusion with the same license plate registered to Mr. Reynoso. He approached the driver's door and spoke to the driver through the rolled-down window. At that point, Agent Lujan identified

the driver as Mr. Reynoso based on the photograph he had been provided. At the driver's direction, Agent Lujan got into the Ford Fusion and sat in the middle of the back seat. The driver turned to face Agent Lujan, who asked about the meth. The driver pointed to a Band-Aid box on the center console. Agent Lujan pulled from that box a plastic bag containing what appeared to be two ounces of methamphetamine. Agent Lujan gave the driver $800. The driver said he needed to leave and told Agent Lujan to call him later.

That same day, Agent Lujan called the phone number registered to Mr. Reynoso and spoke to Mario. Agent Lujan indicated the bag of methamphetamine was less than two ounces, and Mario agreed he owed Agent Lujan another gram. Agent Lujan contacted Mario again in June 2018 to set up a second drug buy, but no further transaction occurred. Mr. Reynoso was later charged in a superseding indictment with distributing five grams or more of methamphetamine on May 8, 2018.[1]

## B. *Rule 404(b) Evidence*

The government notified the district court of its intent to introduce Rule 404(b) evidence relevant to Mr. Reynoso's identity as the person who sold the methamphetamine to Agent Lujan on May 8, as well as to Mr. Reynoso's knowledge and intent. It sought to introduce evidence related to Mr. Reynoso's arrest on August 22, 2018, by sheriff's deputies conducting a narcotics investigation in a hotel parking

---

[1] Mr. Reynoso does not dispute that the methamphetamine sold to Agent Lujan on May 8 amounted to five grams or more.

lot in El Paso. At that time, Mr. Reynoso was driving his 2011 gray Ford Fusion that had been used in the May 8 drug sale. In the car, the deputies found what appeared to be 2.5 ounces of methamphetamine, as well as other types of illegal drugs, drug paraphernalia, and a digital scale. They also seized over $4,000 from Mr. Reynoso's person.

The government also sought to introduce evidence related to Mr. Reynoso's arrest in El Paso on January 30, 2019, on a warrant following his indictment in this case. At that time, he was driving the same gray Ford Fusion, but with a different license plate. Agents found over $4,000 in cash on his person and seven one-ounce bags of methamphetamine in the vehicle. Agents also seized from Mr. Reynoso a cell phone containing text messages that discussed various drug transactions. The seized cellphone used a different phone number than the number registered to Mr. Reynoso that Agent Lujan had used to communicate with "Mario" regarding the May 8 drug sale. But both phone numbers had been used to contact the same 33 individuals, including Mr. Reynoso's wife.

Finally, the government sought to introduce evidence of jail phone calls recorded while Mr. Reynoso was awaiting trial, in which he discussed various ongoing drug trafficking activities.

Mr. Reynoso moved to exclude the proffered evidence. He first argued it was not relevant to prove his knowledge and intent because the identity of the person who sold methamphetamine to Agent Lujan on May 8 would be the main issue in the case. The district court disagreed, holding that the government could introduce evidence of

his knowledge and intent in the absence of a stipulation that these elements of the charged offense were uncontested. The court further held that evidence of Mr. Reynoso's arrests, his cell phone texts, and his jail phone calls was admissible under Rule 404(b) to prove knowledge and intent because Mr. Reynoso's "subsequent possession of large quantities of methamphetamine in his vehicle" was "quite similar" to the charged offense, "and his alleged use of a cell phone and jail phone calls to coordinate narcotics trafficking are likewise quite similar to his alleged use of the first phone to coordinate the drug buy with [Agent Lujan]." R., Vol. I at 38.

Mr. Reynoso also contended that the evidence was not admissible to prove his identity because his arrests shared no signature quality elements with the May 8 drug sale to Agent Lujan. The district court again disagreed, holding that the 2011 gray Ford Fusion registered to Mr. Reynoso at his address constituted a sufficiently specific and distinctive device to render the evidence of his later drug-related acts involving that same vehicle relevant to prove his identity in the charged offense.

Finally, the district court held under Federal Rule of Evidence 403 that the probative value of the Rule 404(b) evidence was not substantially outweighed by its potential for unfair prejudice, and the court said it would give the jury a limiting instruction on its use of that evidence.

### C.  *Conviction and Sentence*

The jury convicted Mr. Reynoso on the charged offense. At sentencing, the district court calculated his applicable guidelines range as 360 months to life in

prison. The court then sentenced Mr. Reynoso below the guidelines range to 280 months.

## II. DISCUSSION

On appeal, Mr. Reynoso contends that (A) the district court erred in admitting the Rule 404(b) evidence, (B) the trial evidence was insufficient to support his conviction, and (C) his sentence is substantively unreasonable.

### A. *Rule 404(b) Evidence*

We review the district court's evidentiary ruling for an abuse of discretion. *See United States v. Merritt*, 961 F.3d 1105, 1111 (10th Cir. 2020). "Under this standard, we will not disturb a trial court's decision unless we have a definite and firm conviction that the trial court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (brackets and internal quotation marks omitted).

Under Rule 404(b), "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). But such "evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). In determining admissibility under Rule 404(b), courts consider four factors:

> (1) the evidence must be offered for a proper purpose; (2) the evidence must be relevant; (3) the trial court must make a Rule 403 determination of whether the probative value of the similar acts is substantially

>outweighed by its potential for unfair prejudice; and (4) pursuant to [Federal Rule of Evidence] 105, the trial court shall, upon request, instruct the jury that evidence of similar acts is to be considered only for the proper purpose for which it was admitted.

*United States v. Smalls*, 752 F.3d 1227, 1237 (10th Cir. 2014) (internal quotation marks omitted). Rule 404(b) "is one of inclusion, rather than exclusion, unless the evidence is introduced for the impermissible purpose or is unduly prejudicial." *Id*. (internal quotation marks omitted).

### 1. Knowledge and Intent

The district court held that all of the proffered Rule 404(b) evidence was admissible to prove Mr. Reynoso's knowledge and intent. He contends his knowledge and intent were irrelevant because the sole issue in the case was whether he was the person who sold methamphetamine to Agent Lujan on May 8. But under our reasoning in *United States v. Shumway*, 112 F.3d 1413, 1421-22 (10th Cir. 1997), the district court did not err in holding that the evidence was admissible because, absent a stipulation by Mr. Reynoso that knowledge and intent were uncontested, the government bore the burden of proving these elements of the charged offense.

Mr. Reynoso nonetheless asserts the evidence was not relevant to his knowledge and intent under the reasoning in *United States v. Commanche*, 577 F.3d 1261 (10th Cir. 2009). The defendant in *Commanche* was charged with assault with a dangerous weapon with intent to do bodily harm. *Id*. at 1264. The government sought to introduce evidence of the facts underlying his two prior aggravated battery convictions—specifically that he had brandished sharp cutting instruments—to prove

his intent regarding the charged offense. *Id.* We held that the district court erred in admitting such evidence, concluding it was immaterial to the defendant's claim of self-defense, which was "the sole disputed issue in the case." *Id.* at 1268. We reasoned that "the details of [the defendant's] prior aggravated battery convictions demonstrate nothing about his intent; they simply show that he is violent." *Id.* at 1269. And we noted that "the present case is not one in which intent is proven circumstantially based on repeated substantially similar acts" because there was "no indication in the record that [the defendant] claimed self defense on the two other occasions." *Id.*

*Commanche* is readily distinguishable. First, we did not address the precise issue presented here: whether evidence relevant to an element of the charged offense is admissible absent the defendant's stipulation that the element is uncontested. On that issue, Mr. Reynoso neither acknowledges our holding in *Shumway* nor attempts to distinguish it. Second, unlike *Commanche*, this case does involve evidence of repeated substantially similar acts relevant to intent. *See United States v. Conway*, 73 F.3d 975, 981 (10th Cir. 1995) (affirming admission of evidence of prior drug-related arrests as relevant to proving intent). Yet Mr. Reynoso does not argue that the district court erred in holding that the other acts evidence was sufficiently similar to the charged offense to be relevant to prove his knowledge and intent. He therefore fails to show that the district court abused its discretion in admitting the other acts evidence for these proper purposes.

2. Identity

Mr. Reynoso next argues the district court abused its discretion in admitting evidence of his two arrests to prove his identity as the driver of the gray Ford Fusion who sold methamphetamine to Agent Lujan on May 8. According to Mr. Reynoso, the court erred because his later arrests shared no signature quality elements with the charged offense.

"We have held that to prove identity, evidence of prior illegal acts need not be identical to the crime charged, so long as, based on a totality of the comparison, the acts share enough elements to constitute a signature quality. *Shumway*, 112 F.3d at 1420 (internal quotation marks omitted). "Elements relevant to a signature quality determination include . . . geographic location, the skill necessary to commit the acts, or use of a distinctive device." *Id.* (citations and internal quotation marks omitted). "[T]he weight to be given to any one element and the number of elements necessary to constitute a 'signature' are highly dependent on the elements' uniqueness in the context of a particular case." *Id.* Here, the district court concluded that the gray Ford Fusion registered to Mr. Reynoso at his address was a sufficiently distinctive device to render evidence of his later drug-related bad acts involving that same vehicle relevant to proving his identity for the charged offense.

Mr. Reynoso asserts that "[a]nyone could have driven [his] car on May 18, 2018 to deliver the drugs." Aplt. Br. at 14. But he acknowledges that the use of his car was a "common unique fact[]" between the May 8 drug sale and his later arrests. *Id.* And he does not challenge the district court's conclusion regarding the

9

distinctiveness of the 2011 gray Ford Fusion as the basis for admitting the evidence to prove his identity. He therefore fails to show that the district court abused its discretion.

   3. **No Undue Prejudice**

Mr. Reynoso argues the district court should have excluded the other acts evidence under Rule 403 because it served primarily to inflame the jury's passion. "Evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant *wholly apart* from its judgment as to his guilt or [innocence] of the crime charged." *United States v. Tan*, 254 F.3d 1204, 1211-12 (10th Cir. 2001) (alteration and internal quotation marks omitted). The district court concluded the evidence of Mr. Reynoso's later drug-related acts was highly probative of identity, knowledge, and intent, and was not outweighed by any potential prejudice from its admission. In particular, the court concluded that the Rule 404(b) evidence "may indeed elicit a reaction from the jury, but likely no more so than other allegations of involvement in drug trafficking that will already be presented at trial." R., Vol. I at 39. The court also indicated it would give a limiting instruction. Mr. Reynoso fails to show an abuse of discretion.

   B. *Sufficiency of the Evidence*

Mr. Reynoso argues the evidence was insufficient to support his conviction. We review this issue do novo. *See United States v. Walker*, 137 F.3d 1217, 1220 (10th Cir. 1998). "Evidence is sufficient to support a conviction if the evidence and

the reasonable inferences drawn therefrom, viewed in the light most favorable to the government, would allow a reasonable jury to find defendant guilty beyond a reasonable doubt." *Id.* "[W]e will not overturn a jury's finding unless no reasonable juror could have reached the disputed verdict." *Id.*

Focusing, as Mr. Reynoso does, on the issue of his identity as the driver of the gray Ford Fusion involved in the May 8 drug sale, we hold that the evidence was sufficient to support the jury's verdict. Agent Lujan testified that he positively identified Mr. Reynoso as the person who sold him drugs on that date. Although Mr. Reynoso argues Agent Lujan may have been mistaken or the jury might not have credited his testimony, we do not weigh conflicting evidence or evaluate witness credibility, *see United States v. Khan*, 989 F.3d 806, 827 (10th Cir. 2021) ("We accept at face value the jury's credibility determinations and its balancing of conflicting evidence." (internal quotation marks omitted)).

### C.  *Substantively Reasonable Sentence*

Mr. Reynoso contends his below-guidelines sentence is substantively unreasonable given his mental health conditions, substance abuse, and difficult childhood. He also maintains that his 280-month sentence (less than 24 years), which was imposed when he was 41 years old, "is essentially a life sentence." Aplt. Br. at 20. "We review the substantive reasonableness of a sentence for abuse of discretion." *United States v. Chavez*, 723 F.3d 1226, 1233 (10th Cir. 2013). A sentence is substantively reasonable unless "it exceeds the bounds of permissible choice, given the facts and the applicable law." *Id.* (brackets and internal quotation

marks omitted). Moreover, a below-guidelines sentence is presumptively reasonable. *See United States v. Balbin-Mesa*, 643 F.3d 783, 788 (10th Cir. 2011). Mr. Reynoso's contentions do not demonstrate that the district court exceeded the bounds of permissible choice in imposing a sentence that is 80 months below the bottom of the applicable guidelines range.

### III.  CONCLUSION

We affirm the district court's judgment.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge